VICENTE ORTIZ LÓPEZ, representing his wife, PAULA ORTIZ DE ORTIZ, Plaintiff and Appellant, *v.* INSULAR RACING COMMISSION OF PORTO RICO, Defendant and Appellee.

No. 4716.    Argued January 17, 1929.—Decided June 20, 1929.

*R. Cuevas Zequeira* and *H. B. Llenza* for the appellant.    *J. Martínez Dávila* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A race-track jury canceled one of a series of seven races and suspended payment of the pool. Within forty-eight hours the racing comission affirmed the decision. The district court, after hearing the parties, refused to issue a writ of certiorari.

Petitioner alleges in substance that she had picked the

winner in each of the seven races and that through the elimination of the fifth race she was deprived of the net proceeds of a pool which amounted to more than sixteen thousand dollars ($16,000). She had no vested property right in the net proceeds of the pool when the fifth race was canceled. The sixth and seventh races were yet to be run. Her position was not unlike that of the Kentuckian who brought an action for damages arising out of delay in the transportation of a race horse which otherwise would have won a purse in Louisville. The ruling of the commission relates back to the date of the decision by the jury and in neither instance was petitioner deprived of her property without due process of law or otherwise.

The first paragraph of section 19 of the Racing Act, Laws of 1927, 206, which is one of several sections grouped under the sub-head "Race-Track Jury," provides that "corporations or persons speculating in the race-track business, as well as horse owners, jockeys, stablemen, trainers, or others concerned, shall be subject to" the decision of such jury. Petitioner, if not a person speculating in the race-track business, was at least one of the "others concerned."

Another feature of the petition is the averment that the commission acted without just cause and without any showing of grave irregularities, deficiencies and mismanagement of a serious nature, and that fraud was not proven. The language used follows in part that of a proviso attached to section 19, *supra,* to the effect that "when in the opinion of the jury there have been during any race grave irregularities, deficiencies or mismanagement of a serious nature, showing *prima facie* that the race has been conducted and carried out in an illegal and malicious manner, it may suspend its effects as regards the payment at the pools and *bancas,* but immediately reporting to the Insular Racing Commission its decision and the grounds therefor, and said Insular Racing Commission, within a term of not to exceed forty-eight hours from and after the race, and after a public hearing of the interested

parties, shall determine the validity or nullity of said race, and the decision rendered shall be final, executory and unappealable." Thus the decision of the jury is made to turn upon the opinion formed by that body, not upon the actual existence of "grave irregularities, deficiencies or mismanagement of a serious nature showing *prima facie* that the race has been conducted and carried out in an illegal and malicious manner." No provision is made for a trial *de novo* before the racing commission. There is no provision for the formality of a trial, or even of an investigation, in the first instance. The jury may act at once upon the impression derived from personal observation. The commission may proceed upon the decision of the jury, and the grounds therefor, as a starting point and basis for the public hearing to be extended to the interested parties. A public hearing of the interested parties is all that the statute requires. The petition in the instant case expressly alleges that the decision of the commission was rendered after such a hearing.

If the commission were authorized to render its decision only upon a showing of just cause in support of the conclusion already reached by the jury, the petition would remain, as it is in substance, a thinly veiled attempt to have the district court review the merits of a decision which involves only questions of fact. Upon the facts stated petitioner was not entitled to relief by certiorari and the judgment appealed from will be affirmed.